## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

**MARQUITA BROWN**, Individually,
and on behalf of herself and all other similarly
situated current and former employees,

        Plaintiff,

        Civil Action No   1:23cv00040

        v.

**SUNCAKES, L.L.C.,** and
**SUNCAKES VA, LLC**

        **Complaint**
        **Virginia Wage Collective Action**
        **FLSA Opt-In Collective Action**
        **JURY DEMANDED**

        Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Marquita Brown ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former tipped employees, brings these collective actions against SunCakes, L.L.C. and SunCakes VA, LLC., d/b/a IHOP – International House of Pancakes ("Defendants") and, alleges as follows:

## I.

## <u>INTRODUCTION</u>

1.    This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and as a collective action under the Code of Virginia, Article 1.1. Virginia Minimum Wage Act, § 40.1.28.8, *et. Seq.* ("Virginia Minimum Wage Act") and under Virginia Code Annotated § 40-1-29, *et.seq*. ("Virginia Wage Payment Act"), to recover unpaid minimum wages and other damages owed to

Plaintiff and other similarly situated current and former tipped employees who are members of a collective class as defined herein and employed by Defendants.

## II.

## <u>JURISDICTION AND VENUE</u>

2.   The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b).

3.   The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.   This court has supplemental jurisdiction over Plaintiff's state (commonwealth) claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

5.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendants in this district during all times material to this action. In addition, Defendants have regularly conducted business in this district during all times material herein.

## III.

## <u>PARTIES</u>

6.   Defendant, SunCakes, L.L.C., is a Texas limited liability company with its principal offices located at 4515 Lyndon B. Johnson FWY, Dallas, Texas 75244-5905. Its registered agent for service of process is Corporate Creations Network, Inc., 4515 Lyndon B. Johnson FWY, Dallas, Texas 75244-5905.

7.   Defendant, SunCakes, VA, LLC., is a Virginia limited liability company with its principal offices located at 425 W. Washington Street, Suite 4, Suffolk, Virginia 23434-5320. Its

2

registered agent for service of process is Corporate Creations Network, Inc., 425 W. Washington Street, Suite 4, Suffolk, Virginia 23434-5320.

8.     Plaintiff Marquita Brown was employed by Defendants as an hourly-paid tipped employee at one of Defendants' IHOP franchised restaurants, in this district, within the past three years preceding the filing of this lawsuit. (Plaintiff Brown's Consent to Join these collective actions is attached hereto as Exhibit A.)

9.     Defendants employed Plaintiff and members of the Collective Classes as tipped employees during all times material herein.

10.    Defendants are an integrated enterprise as defined by the FLSA.

## IV.

## COVERAGE

11.    At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendants, as defined by Section 203(e)(1) of the FLSA, and by the Virginia Minimum Wage Act and the Virginia Wage Payment Act, as amended (hereinafter, collectively, "Virginia Wage Laws") and have worked for Defendants within the territory of the Unites States and within the Commonwealth of Virginia within three (3) years preceding the filing of this lawsuit.

12.    At all times material to this action, Defendants have been "employers" as defined by the FLSA and by the Virginia Wage Laws within three (3) years preceding the filing of this lawsuit.

13.     At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

14. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they have been an enterprise engaged in interstate commerce and their employees have been engaged in interstate commerce.

15. At all times material to this action, Defendants have been subject to the pay requirements of the Virginia Wage Laws.

**V**.

## **FACTUAL ALLEGATIONS**

16. Defendants own and operate IHOP (International House of Pancakes) franchised restaurants in Virginia and in several other locations. (Defendants do business as IHOP – International House of Pancakes.)

17. At all times material to this action, Plaintiff and those similarly situated were subjected to the same FLSA violations, as well as subjected to the same Virginia Wage Laws violations, as described hereinafter.

18. Defendants employed Plaintiff and those similarly situated as tipped employees and were responsible for establishing and administering their compensation during all times material to this lawsuit.

19. During all times material, Defendants have had a common plan, policy and practice of compensating Plaintiff and those similarly situated under a tip-credit compensation plan. The plan consisted of compensating tipped employees with only a sub-minimum hourly rate of pay and then crediting tips received by them during their shifts which, when added to the sub-minimum pay, would amount to at least the FLSA required minimum wage rate of pay of at least $7.25 per hour.

20. Likewise, Defendants have had a common plan, policy and practice of compensating Plaintiff and those similarly situated under a tip-credit compensation plan pursuant to the Virginia Wage Laws. The plan consisted of compensating tipped employees with only a sub-minimum hourly rate of pay and then crediting tips received by them during their shifts which, when added to the sub-minimum pay, would amount to at least the Virginia required minimum wage rate of pay ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023.

21. However, there are strict requirements under the FLSA and the Virginia Wage Laws) for an employer to be eligible to implement and administer such a tip credit compensation plan.

22. Under 29 U.S.C. § 203 (m), and implicitly under the Virginia Wage Laws, an employer utilizing such a tip credit compensation plan must inform its tipped employees in advance of its intention to use such tip-credit compensation plan.

23. Under Section 203(m) of the FLSA, and implicitly under Virginia Wage Laws, an employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of the respective tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and, (4) that the tip credit shall not apply to any employee who does not receive the Section 203(m) notice.

24. Defendants failed to inform Plaintiff and, on information and belief, likewise failed to inform others similarly situated of the Section 203(m) Four-Point notice requirements before or after the beginning of their employment. (As a result of Defendants' failure to

inform Plaintiff about their tip-credit compensation plan and that they were automatically counting Plaintiff's credit card tips as part of her tips as credits against her wages, Plaintiff reported both her credit card tips as well as her cash tips to management. When Plaintiff learned of the "double credit card tip" discrepancy, she asked management to delete (subtract) one set of credit card tips from its calculations of the amount to be credited against her wages. Management refused to make any such corrections, causing a "double-credit" to Defendants of her credit card tips against her wages and, in turn, requiring her to pay more income taxes, social security, etc.)

25.  As a result of their failure to inform Plaintiff and those similarly situated of the said Section 203(m) and Virginia Wage Laws "tip credit" notice requirements, they have disqualified themselves from applying a tip-credit plan of payment to Plaintiff and those similarly situated – during all times material to these collective actions.

26.  Consequently, Defendants are liable to Plaintiff and those similarly situated for the payment of all hours worked within weekly pay periods at the applicable FLSA minimum wage rate of pay of $7.25 per hour and at the applicable Virginia minimum wage rate of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023), without the right to credit the tips of Plaintiff and those similarly situated against their wages – during all times relevant to these collective actions.

27.  According to the regulation promulgated by the U.S. Department of Labor, "… tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

28.  Defendants have and continue to employ Plaintiff and those similarly situated who are classified as "tipped employees" but who routinely perform non-tipped tasks and, thereby,

are deprived of the opportunity to earn tips during a significant portion of their respective shifts.

29.     For example, Plaintiff and those similarly situated routinely have spent an hour or more at the beginning of their shifts, and an hour or more at the ending of their shifts, performing tasks during periods of time when not assigned "tables" and which tasks are unrelated to their tip producing duties (i.e., "dual occupation" duties) including, but not limited to: wiping tables, rolling silverware, refilling soda machines and cleaning the restaurant, as well as kitchen-related tasks, while paid below the federal minimum wage rate of $7.25 per hour and below the applicable Virginia minimum wage rates of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023) – during all times material to these collective actions.

30.     As a result, Plaintiff and those similarly situated are entitled to at least the applicable FLSA minimum wage rate of pay and the applicable Virginia minimum wage rate of pay for all hours performing such "dual occupation" duties.

31.     In addition, Plaintiff and those similarly situated routinely have spent a significant portion (20 percent or more) of their regularly scheduled shifts performing maintenance and preparation "side work", consisting of non-tip producing tasks (such as refilling sugar caddies, refilling salt and pepper shakers, filing ice bins, refilling condiments, cleaning chairs, tables, booths, etc., as well as performing pre-closing cleaning tasks, vacuuming and/or sweeping dining areas, checking dishes, and napkins), while only being compensated at a sub-minimum wage rate of pay, rather than being compensated at the applicable federal minimum wage rate of pay of $7.25 per hour and at the applicable

Virginia minimum wage rate of pay per hour (($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023.)

32. Consequently, Plaintiff and those similarly situated are entitled to at least the applicable FLSA minimum wage and the applicable Virginia minimum wage rate of pay for all such hours performing maintenance and preparation "side work", without crediting any of their tips to their wages.

33. Moreover, Defendants had a common practice of not compensating Plaintiff and those similarly situated at the applicable FLSA minimum wage rate of pay within weekly pay periods when there were insufficient tips to total $7.25 per hour when combined with their sub-minimum base rate of pay. (Defendants either unlawfully inflated the amount of the tips of Plaintiff and those similarly situated in order to avoid paying them the FLSA minimum wage rate of $7.35 per hour, or assumed tips they had not earned in making such calculations, in order to avoid paying them the FLSA minimum wage rate of $7.25 per hour.)

34. As a result, Defendants owe Plaintiff and those similarly situated the difference between their combined actual tips and sub-minimum base pay in such instances and the $7.35 per hour minimum wage - within weekly pay periods during all times material.

35. Similarly, Defendants had a common practice of not compensating Plaintiff and those similarly situated at the applicable Virginia minimum wage rate of pay within weekly pay periods when there were insufficient tips to total such minimum wage requirements when combined with their sub-minimum base rate of pay. (Defendants either unlawfully inflated the amount of the tips of Plaintiff and those similarly situated in order to avoid paying them

the applicable Virginia minimum wage rate of pay, or assumed tips they had not earned, in order to avoid paying them the applicable Virginia minimum wage rate of pay.)

36.  As a result, Defendants owe Plaintiff and those similarly situated the difference between their combined tips and sub-minimum base pay in such instances and the applicable Virginia minimum rate of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023) within weekly pay periods during all times material.

37.  Defendants failed to maintain true and accurate pay records pertaining to Plaintiff and those similarly situated, as is required by the FLSA and the Virginia Wage Laws.

38.  Defendants knowingly committed the above FLSA violations and violations under the Virginia Wage Laws.

39.  Defendants' violations were willful with reckless disregard to clearly established FLSA and Virginia wage and hour requirements, and without a good faith basis.

40.  The net effect of Defendants' violations was to save payroll costs and payroll taxes.

41.  As a consequence, Defendants have enjoyed ill-gained profits at the expense of Plaintiff and those similarly situated.

42.  Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the collective classes, she believes such information will become available during the course of discovery.  However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony and records.

**VI.**

**FLSA COLLECTIVE ACTION ALLEGATIONS**

43.  Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

44.     The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

45.     Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid tipped employees of Defendants who work (or have worked) at any of Defendants' IHOP (International House of Pancakes) franchised restaurants anywhere in the United States during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the FLSA Collective Class")[1]

46.     The members of this FLSA Collective Class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of this class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, she believes there are at hundreds of similarly situated hourly-paid tipped employees in this class.

47.     The claims of Plaintiff are typical of the claims of this class.

48.     Plaintiff and other members of the FLSA Collective Class who work or have worked for Defendants at any of their IHOP franchised restaurants were subjected to the same operational, compensation and timekeeping policies and practices, as described previously.

49.     Common questions of law and fact exist as to the FLSA Collective Class which predominate over any questions only affecting other members of the class individually.

50.     Plaintiff will fairly and adequately protect the interests of this class as her interests are aligned with those of the other members of this class.

51.     Plaintiff has no interests adverse to this class.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

52.   Plaintiff has retained competent counsel who are experienced in FLSA collective action litigation.

53.   The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy.  The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

54.   Plaintiff and other members of the FLSA Collective Class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

**VII.**

**COLLECTIVE CLASS ACTION ALLEGATIONS
UNDER THE VIRGINIA WAGE LAWS**

55.   Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

56.   Plaintiff brings this case against Defendants as a collective action on behalf of herself, individually, and on behalf of herself and other potential class members to recover unpaid minimum wages, statutorily prescribed interest, applicable liquidated damages, attorneys' fees and costs, and other damages owed them, pursuant to the Virginia Wage Laws.

57.   The Virginia Wage Payment Act, as amended, allows private parties to file collective actions for unpaid wages "consistent with the collective action procedure of the FLSA."

58.   The proposed Virginia Collective Class of individuals is defined as:

   All current and/or former hourly-paid tipped employees who were employed by Defendants at any of their Virginia IHOP-International House of Pancakes

franchised restaurants at any time during the applicable limitations period covered by this Collective Action Complaint up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the Virginia Collective Class")

59.  At all times material, Defendants were an "employer" within the meaning of the Virginia Wage Laws. (Under the Virginia Wage Payment Act, as amended, the term "employer" shall have the same meaning ascribed to it as under the Fair Labor Standards Act.)

60.  At all times material, Plaintiffs and members of the Virginia Collective Class were "employees" within the meaning of the Virginia Wage Laws. (Under the Virginia Wage Payment, as amended, the term "employee" shall have the same meaning ascribed to it as under the Fair Labor Standards Act.)

61.  As previously described and alleged, Defendants have failed to pay minimum wages due Plaintiff and the members of the Virginia Collective Class - as required by the Virginia Wage Laws.

62.  Defendants knowingly committed such violations.

63.  Defendants' violations were committed willingly and with reckless disregard to Virginia Wage Laws.

64.  Defendants do not have a good faith basis for their violations of the Virginia Wage Laws.

65.  Due to Defendants' violations of the Virginia Wage Laws, Plaintiff and members of the Virginia Collective Class are entitled to recover from Defendants unpaid minimum wages they have earned, actual and liquidated damages, statutory prescribed interest, reasonable attorneys' fees and costs and disbursements of this action.

66.  Although Plaintiff does not know the exact number of potential Virginia Collective Class members, she believes there are more than 100 similarly situated tipped employees in the

Virginia Collective Class, making joinder of all such members extremely difficult or impractical.

67.   Common questions of law or fact common to the Virginia Collective Class predominate over questions affecting only individual class members.

68.   These common questions of law or fact in this action are:

a.   Whether Defendants are an employer under the Virginia Wage Laws;

b.   Whether the members of the Virginia Collective Class are employees of Defendants under the Virginia Wage Laws;

c.   Whether Defendants failed to comply with the Four-Point Tip Credit Notice requirements:

d.   Whether Defendants knew or should have known that their failure to pay all minimum wages to Plaintiffs and the Virginia Collective Class would result in violations of the Virginia Wage Laws;

e.   Whether Defendants unlawfully failed to pay proper compensation to Plaintiff and members of the Virginia Collective Class in violation of and within the meaning of the Virginia Wage Laws;

f.   Whether Defendants failed to keep true and accurate time records of all hours worked by Plaintiff and members of the Virginia Collective Class;

g.   What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

h.   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of minimum wages to their tipped employees under the Virginia Wage Laws;

i.  Whether Defendants failed and/or refused to pay Plaintiff and members of the Virginia Collective Class hourly wages equal to the required minimum wage for each hour worked within the meaning of the Virginia Wage Laws;

j.  The nature and extent of the Class-wide injury under the Virginia Wage Laws and the appropriate measure of damages for the Virginia Collective Class; and,

k.  Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and members of the Virginia Collective Class minimum wages was done knowingly and willfully, and without a good faith basis.

69.  As demonstrated by the allegations above, Plaintiff's claims are typical of the claims of the class. (These claims arose from the same employers at the same locations pursuant to the same practices and policies, and the claims are based on the same legal theories.)

70.  The persons in the Virginia Collective Class identified above are so numerous that joinder of all members is impracticable.

71.  The members of the Virginia Collective Class are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are available from Defendants.

72.  Defendants have acted or have refused to act on grounds generally applicable to the Virginia Collective Class.

73.  Defendants failed to maintain true and accurate payroll records of the Plaintiff and the Virginia Collective Class.

74.  Plaintiff is an adequate class representative. (Plaintiff has an interest in seeking recovery for the same types of damages that members of the Virginia Collective Class would seek.)

75.  Plaintiff's claims are typical of those claims which could be alleged by any member of the

14

Virginia Collective Class, and the relief sought is typical of the relief which would be sought by each member of the Virginia Collective Class in separate actions.

76.  All members of the Virginia Collective Class were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wages as required by the Virginia Wage Laws.

77.  A collective class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant. Collective class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce.

78.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The members of the Virginia Collective Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures.

79.  Although the relative damages suffered by individuals in the collective class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, proceeding as a collective class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.  As a result, collective class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation

claims.

80.    Plaintiff knows of no conflict of interest with the members of the Virginia Collective Class.

81.    Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, ·and future efforts to secure employment. Collective class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

82.    Plaintiff has hired law firms experienced in the handling of unpaid minimum wages claims. They have represented numerous other employees asserting unpaid minimum wage and other compensable claims in many other cases.

## VIII.

## FLSA CAUSES OF ACTION

## COUNT I

## FLSA VIOLATION – FAIILURE TO PROVIDE TIP CREDIT NOTICES
### (On Behalf of the FLSA Collective Class)

83.    Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

84.    Pursuant to Defendants' failure to provide Plaintiff and those similarly situated with the Section 203 (m) Four-Point notice requirement relating to their tip credit compensation plan, as previously described, Defendants have disqualified themselves from being eligible for such plan and, therefore, are liable to Plaintiff and FLSA Collective Class members for the payment of $7.25 per hour for all hours worked within weekly pay periods at all times material to this collective action.

85.    At all times relevant, Defendants have had actual knowledge of failing to compensate Plaintiff and those similarly situated at the FLSA minimum wage rate of $7.25 per hour for all work performed within weekly pay periods as a result of their Section 203(m violations.

86.    Defendants' failure to provide Section 2103(m) notices to Plaintiff and the FLSA Collective Class was willful and with reckless disregard to the FLSA.

87.    Such failure was committed without a good faith basis.

88.    Due to Defendants' willful violations and lack of a good faith basis in committing such violations, Plaintiff and the other members of the FLSA Collective Class are entitled to recover from Defendants compensation for unpaid minimum wages, liquidated and other damages, reasonable attorneys' fees, costs, and disbursements relating to this action during all times material.

## COUNT II

### FLSA VIOLATION – UNRELATED "DUAL OCCUPATION" CLAIMS
### (On Behalf of the FLSA Collective Class)

89.    Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

90.    As previously described, Defendants have failed to pay Plaintiff and other FLSA Collective Class members the minimum wage rates of pay of $7.25 per hour for all unrelated "dual occupation" work hours within weekly pay periods during all times material.

91.    Defendants' "dual occupation" violations were willful with reckless disregard to clearly established FLSA principals.

92.    Defendants' "dual occupation" violations were without a good faith basis.

93.    At all times relevant, Defendants have had actual knowledge of refusing to pay Plaintiff and other members of the FLSA Collective Class for all their unrelated "dual occupation" work time at the applicable FLSA minimum wage rate of pay.

94.    Due to Defendants' willful FLSA violations and lack of a good faith basis in committing

such violations, Plaintiff and the other members of the FLSA Collective Class are entitled

to recover from Defendants compensation for unpaid minimum wages, an additional equal

amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and

disbursements relating to this action for the three-year statutory period under the FLSA, 29

U.S.C. § 216(b).

## COUNT III

## <u>FLSA VIOLATION – 20 PERCENT "SIDE WORK" CLAIMS</u>

### (On Behalf of the FLSA Collective Class)

95.    Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

96.    As previously described, Defendants have had a common practice of failing to pay

Plaintiffs and other members of the FLSA Collective Class at the minimum wage rate of

$7.25 per hour   for the significant amount of their time spent (more than 20 percent) in

performing non-tip producing maintenance and preparation "side work" job duties within

weekly pay periods during all times material.

97.    At all times relevant, Defendants have had actual knowledge of such failure.

98.    Defendants' such failure was willful and with reckless disregard to clearly established

FLSA principals, and without a good faith basis.

99.    As a result of such failure, Defendants have violated and continue to violate the FLSA.

100.    Therefore. Plaintiff and other members of the FLSA Collective Class are entitled to

compensation for unpaid minimum wages of $7.25 per hour for all the time spent

performing non-tip producing maintenance and preparation "side work" for a significant

portion of their work time (more than (20) percent), and an additional amount as liquidated

damages, together with interest, costs, and reasonable attorney's fees for the three-year statutory period under the FLSA.

**COUNT VI**

**FLSA VIOLATION – INSUFFICIENT TIPS TO TOTAL MINIMUM WAGE**

**(On Behalf of the FLSA Collective Class)**

101. Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

102. As previously described, Defendants have failed to pay Plaintiff and other members of the FLSA Collective Class the minimum wage rates of pay of $7.25 per hour when there were insufficient tips to total such minimum wage requirements when combining their tips with their sub-minimum base rate of pay.

103. Defendants' "insufficient tips" violations were willful with reckless disregard to clearly established FLSA principals.

104. Defendants' "insufficient tips" violations were without a good faith basis.

105. At all times relevant, Defendants have had actual knowledge of refusing to pay Plaintiff and other members of the FLSA Collective Class for their full hourly pay of $7.25 per hour when there were insufficient tips to total such minimum wage requirements, when combined   with their sub-minimum base rate of pay.

106. Due to Defendants' willful FLSA violations and lack of a good faith basis in committing such violations, Plaintiff and the other members of the FLSA Collective Class are entitled to recover from Defendants compensation for the amount of unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## IX.

## <u>VIRGINIA WAGE LAWS - CAUSES OF ACTION</u>

### COUNT I
### <u>FAIILURE TO PROVIDE TIP CREDIT NOTICES</u>
#### (On Behalf of the Virginia Collective Class)

107.  Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

108.  Pursuant to Defendants' failure to provide Plaintiff and  Virginia Collective Class members with the aforementioned Four-Point Tip Credit Notice  relating to their tip credit compensation plan,  Defendants have disqualified themselves from being eligible for such plan and, therefore, are liable to Plaintiffs and Virginia Collective Class members for the payment of the applicable Virginia minimum wage rate of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12,00 in 2023) for all hours worked within weekly pay periods at all times material to this collective action.

109.  At all times relevant, Defendants have had actual knowledge of failing to provide the Four-Point Tip Credit Notice to Plaintiff and those similarly situated.

110.  Defendants' failure to provide the Four Point Tip Credit Notice was willful and committed without a good faith basis.

111.  Due to Defendants' Four Point Tip Credit Notice violations, Plaintiff and the other members of the Virginia Collective Class are entitled to recover from Defendants compensation for unpaid minimum wages, applicable liquidated and other damages, statutorily prescribed interest, reasonable attorneys' fees, costs, and disbursements relating to this action during all times material.

## COUNT II
## <u>UNRELATED "DUAL OCCUPATION" CLAIMS</u>
### (On Behalf of the Virginia Collective Class)

112.   Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

113.   As previously described, Defendants violated the Virginia Wage Laws by failing to pay Plaintiff and other members of the Virginia Collective Class the Virginia minimum wage rates of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023) for all unrelated "dual occupation" work hours within weekly pay periods during all times material.

114.    Defendants' "dual occupation" violations were willful and without a good faith basis.

115.   At all times relevant, Defendants have had actual knowledge of refusing to pay Plaintiff and other members of the Virginia Collective Class for all their unrelated "dual occupation" work time at the applicable Virginia minimum wage rate of pay under the Virginia Wage Laws.

116.   Due to Defendants' "dual occupation" violations, Plaintiff and the other members of the Virginia Collective Class are entitled to recover from Defendants compensation for unpaid minimum wages, applicable liquidated damages, statutorily prescribed interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the applicable statutory limitations' period.

## COUNT III
## <u>20 PERCENT "SIDE WORK" CLAIMS</u>
### (On Behalf of the Virginia Collective Class)

117.   Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

118.    As previously described, Defendants have had a common practice of failing to pay Plaintiffs and other members of the Virginia Collective Class at the applicable Virginia minimum wage rate of pay per hour ($9.50 in 2021, $11.00 in 2023 and $12.00 in 2023)

for the significant amount of time spent (more than 20 percent) in performing non-tip producing maintenance and preparation "side work" job duties within weekly pay periods during all times material.

119. At all times relevant, Defendants have had actual knowledge of their such failure.

120. Defendants' violations were willful and without a good faith basis.

121. As a result of such failure, Defendants have violated and continue to violate the Virginia Wage Laws.

122.  Therefore. Plaintiff and the class are entitled to compensation for the applicable unpaid minimum wages under the Virginia Wage Laws for all time spent performing non-tip producing maintenance and preparation "side work" for a significant portion of their work time (more than (20) percent), together with applicable liquidated damages, statutorily prescribed interest, costs, and reasonable attorney's fees for the applicable statutory limitations' period.

## COUNT IV
## <u>INSUFFICIENT TIPS TO TOTAL MINIMUM WAGE REQUIREMENTS</u>
### (On Behalf of the Virginia Collective Class)

123. Plaintiff incorporates by reference all preceding paragraphs as if fully written herein.

124. As previously described, Defendants have failed to pay Plaintiff and other members of Virginia Collective Class the Virginia minimum wage rates of pay within weekly pay periods during all times material when there were insufficient tips, when combined with their base pay, to total such minimum wage rate of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023.)

125. Defendants' "insufficient tips" violations were willful and without a good faith basis.

126.   At all times relevant, Defendants have had actual knowledge of refusing to pay Plaintiff and other members of the Virginia Collective Class for their full Virginia hourly pay when there were insufficient tips, when combined with their basic pay, to total such minimum wage rate of pay per hour ($9.50 in 2021, $11.00 in 2022 and $12.00

127.   Due to Defendants' "insufficient tips" violations, Plaintiff and other members of the Virginia Collective Class are entitled to recover from Defendants compensation for unpaid minimum wages, applicable liquidated damages, statutorily prescribed interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the applicable statutory limitations' period.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and on behalf of herself and all other similarly situated members of the FLSA Collective Class under the FLSA and the Virginia Collective Class under the Virginia Wage Laws, requests this Court to grant the following relief against Defendants:

A.   Designation of this cause as an FLSA collective action on behalf of the FLSA Collective Class and promptly issue notice to putative class members pursuant to 29 U.S.C. § 216(a), apprising them of the pendency of this action and permitting putative members of the class to assert timely unpaid wage claims in this action by filing individual Opt-In Consents under 29 U.S.C. § 216(b);

B.   Designation of this cause as a Virginia wage collective action on behalf of the Virginia Collective Class and promptly issue notice to putative class members, apprising them of the pendency of this action and permitting putative members of the class to assert timely unpaid wage claims in this action by filing individual Opt-In Consents;

C.   On Counts I, II, III and IV of the FLSA Causes of Action, an award of compensation for unpaid minimum wages to Plaintiffs and the other members of the FLSA Collective Class at the applicable FLSA minimum wage rate of pay.

D.   On Counts I, II, III and IV of the FLSA Causes of Action, an award of liquidated damages to Plaintiff and other members of the FLSA Collective Class; or in the alternative an award of prejudgment interest.

E.   On Counts I, II, III and IV of the FLSA Causes of Action, award post-judgment interest at the applicable legal rate to Plaintiff and other members of the FLSA Collective Class.;

F.   On Counts I, II, III and IV of the FLSA Causes of Action, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the FLSA Collective Class;

G.   On Counts I, II, III and IV of the FLSA Causes of Action, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

H.   On Counts I, II, III and IV of the Virginia Wage Laws' Causes of Action, an award of compensation for unpaid minimum wages to Plaintiffs and the other members of the Virginia Collective Class at the applicable Virginia minimum wage rate of pay per hour. ($9.50 in 2021, $11.00 in 2022 and $12.00 in 2023.)

I.   On Counts I, II, III and IV of the Virginia Wage Laws' Causes of Action, an award of liquidated damages (at three times that of unpaid wages) and statutorily prescribed interest, to Plaintiff and other members of the Virginia Collective Class.

J.   On Counts I, II, III and IV of the Virginia Wage Laws' Causes of Action, an award of costs, expenses, and disbursements relating to this action together with reasonable

attorneys' fees and expert fees to Plaintiff and other members of the Virginia Collective Class;

K.    Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: October 19, 2023

Respectfully submitted,

s/Johneal White
Johneal M. White (VSB No. 74251)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia  24016
jwhite@glennrob.com
(540) 767-2200 – Phone
(540) 767-2220 – Fax

*Counsel for Plaintiff*

Gordon E. Jackson* (TN Bar No. 08323)
J. Russ Bryant* (TN Bar No. 033830)
J. Joseph Leatherwood IV* (TN Bar No. 39490)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT LAW FIRM**
262 German Oak Drive
Memphis, TN 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*\*Admission Pro Hac Vice Anticipated*